UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERI MADEUX,<br>                Plaintiff,<br>v.<br>COUNTY OF MARIN,<br>                Defendant. | Case No. 22-cv-04292-YGR (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 100 |

We are here on a discovery dispute concerning subpoenas to non-party CDCR and discovery requests served by Defendant County of Marin. ECF No. 100. The Court held a hearing on March 20, 2024, and now issues this order.

**A.     Subpoenas to CDCR**

Plaintiff Teri Madeux brings this action for claims that arise out of the death of her son, Gary Michael Madeux ("the decedent"), which allegedly took place while he was in the County's custody. Plaintiff alleges that the decedent was transferred from San Quentin State Prison to a motel room in the City of Novato in Marin County as part of Project Hope, which was allegedly established by CDCR as part of its response to the COVID-19 pandemic. Plaintiff alleges that the County had custody and responsibility over the decedent while he was in the motel room, including in connection with his basic medical needs and food. The decedent died in his motel room on August 9, 2020. After several amendments to the complaint and motions to dismiss, this case is now a lawsuit against the County for deliberate indifference to the decedent's medical needs in light of the Eighth Amendment. ECF No. 79.

On January 9, 2024, CDCR Parole Agent III Supervisor Ricardo Bautista Jr. swore out a declaration stating that the decedent was under CDCR's supervision when he was in Project Hope

and that the County had no responsibility or obligation to care for him in connection with Project Hope. ECF No. 103, Ex. A. If that is true, Plaintiff's claims against the County have no merit. In light of that declaration, Plaintiff served subpoenas on CDCR for documents and testimony. CDCR now moves to quash the subpoenas. The Court mostly denies the motion.

First, let's address the basic issue CDCR raises. CDCR argues that "[t]he subpoenas are a thinly veiled attempt to seek evidence about claims and defendants the Court dismissed without leave to amend." The Court can understand why CDCR thinks this. If you wanted to get evidence to develop claims against CDCR employees, these document requests are what you would serve. Discovery, however, has to be "relevant to any party's claim or defense . . ." Fed. R. Civ. Proc. 26(b)(1). Therefore, the Court will evaluate Plaintiff's discovery requests solely in terms of whether they are relevant to Plaintiff's claims against the County. This inquiry is an objective one. The Court cannot deny Plaintiff relevant and proportional discovery on her existing claims out of a belief that her true motive is to develop evidence to support new claims against CDCR employees.

Document request 1 ("All documents pertaining to Project Hope") is overbroad. The Court quashes it.

Document requests 2-4 concern decedent's participation in Project Hope, restrictions imposed on decedent during his participation in Project Hope, and his release from CDCR custody prior to his death on August 9, 2020. These documents are likely to show who had responsibility for decedent while he was in Project Hope and thus are relevant to Plaintiff's claims against the County. For requests 2 and 3, CDCR's possession or non-possession of responsive documents will go a long way toward answering that question. For request 4, documents about decedent's release from custody are likely to show whether he remained under CDCR's supervision or whether he was transferred to the County's supervision. For the same reason, documents responsive to request 7 are relevant.

Requests 5, 15 and 16, concerning decedent's parole status on the day he died and documents that show when he completed his prison sentence and custody with CDCR, will likewise tend to show whether he remained CDCR's responsibility (and not the County's).

Request 6 is literally for documents about whose custody decedent was in during his time in Project Hope, which is relevant to the County's liability. Requests 9 (providing meals to decedent during Project Hope), 10 (medical services to decedent during Project Hope), 11 (payment of room charges for decedent during Project Hope), 12 (rules and regulations given to decedent by CDCR during Project Hope), 13 (warnings given to decedent concerning violating any rules during Project Hope), 14 (ankle monitor decedent wore during Project Hope), and 17 (treatment of decedent's diabetes during Project Hope) seek relevant documents. Responsive documents in CDCR's possession would likely demonstrate that CDCR did those things or was in charge of those things, which would tend to undermine Plaintiff's claim that the County was responsible for the decedent. Conversely, a lack of responsive documents would tend to show that CDCR did not do those things or was not in charge of them, which would undermine Bautista's declaration and support Plaintiff's claims against the County.

Request 8 (decedent's medical condition when transferred to Project Hope) is relevant to whether the County was deliberately indifferent to decedent's medical needs, if it had responsibility for him.

The Court does not believe any of these requests are burdensome. There is also no reason to suppose that CDCR's documents are duplicative of those Plaintiff could get from the County in discovery. There is no reason to think the County has documents about what CDCR did, or that CDCR has documents about what the County did.

As for the deposition topics, at the hearing Plaintiff was willing to drop topics 6 and 9-13. For topic 7, Plaintiff was willing to withdraw the "or requested" portion of that topic. The remaining topics mostly seem relevant, largely for the reasons discussed above. Topics 1-5 and 7-8 directly relate to the decedent's time during Project Hope and will show who had responsibility for him.

Topic 14 does not seem relevant to any existing claim. It's not focused on the decedent or really even on this case. It is broadly directed to the procedures CDCR had in place to ensure that prisoners with medical conditions housed through Project Hope would receive necessary medical services. The Court does not see how that is relevant to Plaintiff's claims against the County.

The relevant topics do not appear to be burdensome. CDCR's claim that these topics call for "potentially dozens of deponents" is not credible.

Accordingly, the Court **QUASHES** document request 1, **QUASHES** deposition topics 6 and 9-14, **NARROWS** topic 7 as stated above, and otherwise **DENIES** CDCR's motion to quash.

## B.     County's Discovery Requests

The County has served requests for production and interrogatories on Plaintiff but states that it has not yet received a response. At the hearing the County requested an order that Plaintiff serve discovery responses by March 22, 2024. Plaintiff did not object. Accordingly, the Court **ORDERS** Plaintiff to serve responses to the County's requests for production and interrogatories by March 22, 2024.

**IT IS SO ORDERED.**

Dated: March 20, 2024

THOMAS S. HIXSON
United States Magistrate Judge

4