United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TERI MADEUX,<br><br>    Plaintiff,<br><br>vs.<br><br>RALPH DIAZ, ET AL.,<br><br>    Defendants. | CASE NO. 4:22-cv-04292-YGR<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT<br><br>(Re: Dkt. No. 111) |

    Now before the Court is a motion filed by plaintiff Teri Madeux, through her *guardian ad litem* Sharla Whitty, for leave to file a Fourth Amended Complaint ("4AC"). Docket No. 111. Former defendant California Department of Corrections and Rehabilitation ("CDCR") requests leave to oppose plaintiff's motion as amicus curiae. *See* Docket No. 116 at 1 n.1. For the reasons set forth below, the Court will deny CDCR's request to oppose plaintiff's motion as amicus curiae, and it will grant plaintiff's motion for leave to file the 4AC.[1]

    A summary of the procedural history of this case is set forth in detail in the Court's order of August 14, 2023. *See* Docket No. 70. The claims in this action are brought under 42 U.S.C. § 1983. They arise out of the death of plaintiff's son while he was participating in a housing program for persons released from prison due to the pandemic called Project Hope. The only

---

[1] The Court finds that the motion is suitable for resolution without oral argument. *See* Civil L.R. 7-1(b). Accordingly, the hearing currently scheduled for June 18, 2024, is **VACATED**.

1    defendant that currently remains in this action is the County of Marin.  Pursuant to the Court's
2    order of October 30, 2023, further amendments to the complaint require a showing of good cause.
3    *See* Docket No. 82.  Discovery in this case closes on November 20, 2024.  *See* Docket No. 98.
4           In her proposed 4AC, plaintiff seeks to drop the County of Marin as a defendant and seeks
5    to assert claims under section 1983 against two employees of CDCR.  *See* Docket No. 115.
6    CDCR is a former defendant in this action.  The two CDCR employees are Karen Cox and Jeff
7    Gill, both of whom allegedly are parole officers.  The claims that plaintiff seeks to assert against
8    Cox and Gill in the 4AC arise out of the death of her son, which plaintiff alleges was caused by
9    Cox and Gill's deliberate indifference to his medical needs while he participated in Project Hope.
10          As noted, CDCR requests leave to oppose plaintiff's motion as amicus curiae.  *See* Docket
11   No. 116 at 1 n.1.  In its proposed opposition, CDCR argues that plaintiff has not shown good
12   cause for permitting her to file an amended complaint under Federal Rule of Civil Procedure 16
13   and that she has not shown that granting her leave to amend the complaint is appropriate under
14   Federal Rule of Civil Procedure 15.  *See generally* Docket No. 116.
15          As a threshold matter, the Court **DENIES** CDCR's request to oppose as amicus curiae
16   plaintiff's motion for leave to file the 4AC.  As plaintiff correctly points out in her reply, *see*
17   Docket No. 119 at 2, CDCR currently is not a party to this action and it will not be a party even if
18   the Court grants her motion for leave to file the 4AC.[2]  For that reason, plaintiff opposes the
19   Court's consideration of CDCR's proposed opposition for the purpose of resolving her motion.
20   *See id.*  CDCR has not cited any authority showing that any court has permitted a non-party to
21   oppose as amicus curiae a motion for leave to file an amended complaint, as CDCR proposes to do
22   so here.  One of the cases that CDCR cites in its proposed opposition suggests that allowing
23   CDCR to oppose plaintiff's motion as amicus curiae would not be permissible.  *See NGV Gaming,*
24   *Ltd. v. Upstream Point Molate*, LLC, 355 F. Supp. 2d 1061, 1068 (N.D. Cal. 2005) (holding that
25   an amicus curiae is typically a "non-partisan provider of legal perspective or information to the

---

[2] Plaintiff's proposed 4AC does not assert any claims against CDCR.  The claims asserted against Cox and Gill in the proposed 4AC are in their individual capacities only.

court" and declining to consider "[m]otions to file 'oppositions' to Plaintiff's briefs" filed by a proposed amicus curiae on the ground that such motions "exceed" the permissible role of an amicus curiae). Accordingly, the Court will not consider CDCR's proposed opposition for the purpose of resolving plaintiff's motion for leave to file the 4AC.

The Court now turns to the merits of plaintiff's motion for leave to file the 4AC. Where, as here, the Court has set a deadline for amending the pleadings, a request to file an amended complaint that is made after that deadline has passed is governed by Federal Rule of Civil Procedure 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992). Rule 16(b)(4) provides that a schedule may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.*

If a plaintiff demonstrates good cause under Rule 16(b), then the Court considers whether the requested amendment of the complaint is proper under Rule 15(a). *See Johnson*, 975 F.2d at 607-09. Under Federal Rule of Civil Procedure 15(a), a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The rule is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). The Court considers five factors (known as the *Foman* factors) in deciding a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and repeated failure to cure the complaint's deficiencies by amendment. *See id.* at 1051-52 (citations omitted). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *See Eminence*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* at 1052.

With respect to the good cause requirement of Rule 16, plaintiff argues that she was diligent in seeking leave to file the 4AC because she and her counsel learned of facts that form the basis of her proposed section 1983 claims against Cox and Gill during a deposition of CDCR that took place on April 15, 2024. Plaintiff filed the present motion for leave to file the 4AC two

3

weeks later, on April 30, 2024.  The Court credits plaintiff's representations and finds that she was diligent in moving to amend the complaint and that she has, therefore, shown good cause under Rule 16.³

With respect to the requirements of Rule 15, the Court finds granting plaintiff leave to file the 4AC would promote the interest of justice.  There is no evidence now before the Court of potential prejudice to Cox or Gill, or to any other party, that could result if the 4AC is filed.  Nor is there a strong showing of any of the remaining *Foman* factors.

Accordingly, the Court **GRANTS** plaintiff's motion for leave to file the 4AC.

This order terminates docket number 111.

**IT IS SO ORDERED.**

Dated:  June 17, 2024

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

³ The Court's finding that plaintiff was diligent in seeking leave to file the 4AC is not a determination as to the question of whether the claims that plaintiff seeks to assert in the 4AC against Cox and Gill are time-barred.  One of CDCR's arguments in its proposed opposition is that plaintiff's claims against Cox and Gill are time-barred because she filed them more than two years after the death of her son and because plaintiff has not alleged facts that would permit her to invoke the discovery rule to extend the statute of limitations on her claims beyond two years. While the Court will not consider those arguments for the purpose of resolving plaintiff's motion for leave to file the 4AC, Cox and Gill may raise those arguments once the 4AC is filed pursuant to this order.

4